UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LARRY JACOBSON, as Chairman of the Joint Industry
Board of the Electrical Industry,

                Plaintiff,              Civil Action No.

- against -

                                    COMPLAINT

TMC SERVICES, INC.,

                Defendant.

------------------------------------------------------------x

Plaintiff Larry Jacobson, as Chairman of the Joint Industry Board of the Electrical Industry (the "Joint Board"), for his complaint alleges as follows:

## INTRODUCTION

1. This is an action by a fiduciary of various employee benefit plans against TMC Services, Inc. (the "Company") for relief under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132 and 1145.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, Sections 502(a)(3), 502(f) and 515 of ERISA, 29 U.S.C. §§1132(a)(3), 1132(f) and 1145.

3. Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), as the Joint Board and the various employee benefit plans are administered and maintain their principal office in this district.

## THE PARTIES

4. The plaintiff is the Chairman of the Joint Board, the administrator of various employee benefit plans established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Local Union No. 3"), and employer associations and independent or unaffiliated employers in the electrical, elevator, sign, television, burglar alarm and other related industries. The Joint Board maintains its principal place of business at 158-11 Harry Van Arsdale Jr. Avenue, Flushing, New York. 11365.

5. The Joint Board is the administrator and fiduciary within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§1002(16)(A)(i) and 1002(21)(A), of each of the following employee benefit plans: the Pension, Hospitalization and Benefit Fund of the Electrical Industry, the Dental Benefit Fund of the Electrical Industry, the Deferred Salary Fund of the Electrical Industry, the Educational and Cultural Trust Fund of the Electrical Industry, the Annuity Fund of the Electrical Industry, the Vacation-Holiday Expense Plan, the Additional Security Benefits Plan of the Electrical Industry, the Electrical Employers Self Insurance Safety Plan and the Electrical Industry's Self Insurance Disability Plan, and also collects contributions required to be paid to the National Employees Benefit Fund (collectively, the "ERISA Plans"). Each of the ERISA Plans is an employee benefit plan, within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37). Each of the ERISA Plans is also jointly administered by a Board of Trustees, comprised of labor and management representatives who

share equal representation in the administration of the Plans in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

6. As the Administrator of all of the ERISA Plans and the Non-ERISA Plans (collectively, the "Plans"), the Joint Board requires signatory employers to remit to the Joint Board the specified contribution amounts allocable to each of the Plans and to submit weekly payroll reports to the Joint Board.

7. The Joint Board and each of the Plans referenced above are third-party beneficiaries of the CBA.

8. Upon information and belief, the Company is, and at all times relevant to this action has been, a foreign corporation registered to do business within the State of New York with its principal facility located at 81 Dorsa Avenue, Livingston, New Jersey 07039. At all times relevant to this action, the Company was engaged in the electrical contracting business within the metropolitan New York area. The Company is, and at all times relevant to this action, has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

### FACTUAL BASIS FOR CLAIMS

The Collective Bargaining Agreement and the Obligation to Contribute to the Joint Board

9. The Company is bound to the Memorandum of Agreement dated February 27, 2001 by and between the Company and the Maintenance Division, Building and Construction Trades Council of Greater New York, AFL-CIO ("BCT Union"). The Memorandum of Agreement extends the collective bargaining agreement between the Company and the BCT Union to February 1, 2001 through January 31, 2004 (the "CBA").

10. Local Union No. 3 is also a signatory to the CBA and the Memorandum of Agreement between the Company and the BCT Union.

11. Pursuant to the CBA and the Memorandum of Agreement, the Company is required to contribute to the Joint Board for the benefit of its employees covered by the CBA and the Memorandum of Agreement in the specified amounts allocable to each of the plans.

12. Along with weekly contributions, the Company is required to submit payroll summary reports to the Joint Board that provide the name, gross wages, and hours worked for each employee employed by the Company on whose behalf employee benefit contribution payments are made.

13. The CBA and the Trust Agreements establishing each of the Plans are agreements between the Union and various employers and employer associations within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145, and within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a). In addition, the CBA and the Trust Agreements of the ERISA Plans are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132 (a)(3) and 1145.

14. As Administrator of the Plans, the Joint Board has adopted a delinquent contribution policy calling for the assessment of interest on contributions that are not paid within 44 days of the due date set forth in the employer's collective bargaining agreement calculated as of the day following the due date, at the rate established in accordance with Section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

<u>Defendant's Failure to Remit Contributions and Submit Required Payroll Summary Reports</u>

15. By letter dated December 5, 2002 the Joint Board demanded payment from the Company of unpaid required contributions for the weeks ending October 9, 200 through December 5, 2002.

16. To date, the Company has failed and refused to remit required contributions and payroll reports to the Joint Board for the weeks ending December 4, 2002 through January 22, 2003.

17. On information and belief, additional amounts will continue to become due and owing during the pendency of this action.

### FIRST CAUSE OF ACTION UNDER ERISA

18. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 above.

19. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law make such contributions in accordance with the terms and conditions of such plan or such agreement."

20. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action brought by a fiduciary on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan,
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions in accordance with the terms of the Plans,
> (C) an amount equal to the greater of –
>     i. interest on the unpaid contributions, or

        ii.    liquidated damages provided for under the plan in an amount not in excess of 20% percent of the [unpaid contributions].

(D)    reasonable attorneys' fees and costs of the action, and

(E)    such other legal or equitable relief as the court deems appropriate . . .

21.    The Company's failure and refusal to remit the required contributions and failure and refusal to submit the weekly payroll summary reports with respect to the Plans constitutes a failure to make contributions in accordance with the terms of the plan documents of the ERISA Plans and a violation of Section 515 of ERISA, 29 U.S.C. §1145, thereby giving rise to an action against the Company pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court enter a judgment:

1.    Ordering the defendant to submit the weekly payroll reports as required by the CBA for any weeks for which such reports have not been submitted as of the date judgment is entered and thereafter; and

2.    Ordering the defendant to pay to the Joint Board the amount determined to be due according to the CBA for any weeks of required contributions that are unpaid as of the date judgment is entered and thereafter; and

3. Ordering the Company to pay interest on all monies due the Joint Board for unpaid contributions accrued at the interest rate established in accordance with Section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621; and

4. Ordering the defendant to pay an amount equal to the greater of:

   a. Additional interest on the unpaid contributions to the ERISA Plans; or

   b. Liquidated damages equal to 20% of the unpaid contributions to the ERISA Plans; and

5. Ordering the defendant to pay reasonable attorneys' fees and costs of the action; and

6. Ordering such other relief as the Court deems appropriate.

Dated: January 24, 2003
New York, New York

By: _____
Eyad Asad (EA 5009)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiff